**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4537

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RUFUS FELDER CUNNINGHAM, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  James C. Cacheris, Senior District Judge.  (1:05-cr-00460-JCC)

Submitted:  January 18, 2007        Decided:  January 22, 2007

Before WILKINSON, TRAXLER, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Sol Z. Rosen, Kenneth M. Robinson, Washington, D.C., for Appellant. LeDora Knight, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rufus F. Cunningham pled guilty to conspiracy to distribute fifty grams or more of cocaine base and five kilograms or more of cocaine, and to conspiracy to import five kilograms or more of cocaine. On appeal, he challenges the denial of his motion to suppress and asserts that the district court improperly calculated his guideline offense level. We affirm.

Cunningham first contends that the evidence seized from his vehicle should have been suppressed because he was stopped without probable cause and the vehicle was searched without any basis. Prior to the stop, the officer observed Cunningham cross the "rumble strips" on two occasions and enter the emergency lane. Following the vehicle stop, the officer questioned Cunningham about his travel plans and ordered him out of the car. The officer then had a canine sniff the vehicle for drugs. After the dog "alerted" to the presence of drugs in the car, the officer searched the vehicle and recovered a quantity of cocaine. We conclude that the officer's actions did not violate the Fourth Amendment.[*] See United States v. Hassan El, 5 F.3d 726, 731 (4th Cir. 1993) (observation of a traffic violation gives an officer probable cause to stop a vehicle); Pennsylvania v. Mimms, 434 U.S. 106, 110-11 (1977) (a police officer may order the driver of a lawfully stopped

---

[*]Cunningham also claims that the officer improperly frisked him. However, because no evidence was discovered during the pat-down, we do not address this contention.

car out of his vehicle as a matter of course); United States v. Bradford, 423 F.3d 1149, 1156 (10th Cir. 2005) (officer may properly question stopped motorist about travel plans); Illinois v. Caballes, 543 U.S. 405, 409 (2005) (a dog sniff conducted during a lawful traffic stop does not violate the Fourth Amendment, and a positive dog alert for the presence of drugs may provide probable cause to search the vehicle).

Turning to Cunningham's sentence challenge, he contends that the district court erred under United States v. Booker, 543 U.S. 220 (2005), in calculating his advisory guideline range using facts found by a preponderance of the evidence rather than beyond a reasonable doubt. Cunningham is mistaken; a preponderance of the evidence was the proper standard of proof. See United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005) (noting that Booker did "not in the end move any decision from judge to jury, or change the burden of persuasion"), cert. denied, 127 S. Ct. 121 (2006).

Accordingly, we affirm Cunningham's convictions and sentence. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED